### STATE DEPARTMENT OF TRANSPORTATION v. McKAY, et al.
#### No. 73-529-CA-17.
Circuit Court, Monroe County.

March 1, 1976.

Elizabeth McQuitty, Tallahassee, for the plaintiff.

Kelly, Black, Black & Kenny Miami, for the Riley Field Company.

Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, Miami, for John G. McKay, Robert R. Crane and Robert F. Crane.

HAROLD S. SMITH, Circuit Judge.

*Order of apportionment:* This cause came on to be heard upon the motion for apportionment filed by the defendant, Riley Field Company, and the court having heard argument of counsel, testimony offered by the parties, having considered the briefs filed in this cause, and being otherwise fully advised in the premises, it is thereupon ordered and adjudged —

That the total value of the mineral rights on Parcel No. 185 is the sum of $100, that since the defendants, John G. McKay, Radford R. Crane and Robert F. Crane, are the only persons who have made claim to said sum, the clerk of this court is directed to pay, forthwith, from the sums on deposit in the registry of this court, the sum of $100 to John G. McKay, Radford R. Crane and Robert F. Crane, and forward same to them in care of their attorneys, Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, 101 E. Flagler Street, Miami, Florida 33131.

During the course of the hearing on apportionment a deed purporting to transfer title to Parcel No. 185 executed by Riley Field Company in favor of State of Florida, for the use and benefit of the State of Florida Department of Transportation, was introduced in evidence. This deed contained the following —

"It is understood that this deed is for highway purposes, and if a two lane highway is not built within 2 years, then this property shall revert to the grantors herein, and if a four-lane highway is not built within five years from the date hereof, then seventy-five feet of said strip of land shall revert to the grantors herein."

It was agreed by the parties that a two-lane road was built within two years from the date of the deed. It was also agreed that the road had not been four-laned as of September 25, 1973, the date of valuation, nor as of March 5, 1975, the date on which the five year period called for by the deed ended.

It is the opinion of this court that as of the date of valuation the interest of the defendant, Riley Field Company, was a possibility of reverter. Under the constitution of the state of Florida this interest is a property right which is protected by the constitutional guarantee of full compensation and is, therefor, compensable in this action.

Parenthetically the court raised the question as to whether either party would be entitled to a jury trial to determine the value of said future interest. The parties sipulated that if they were entitled to trial by jury, they would waive it and the stipulation was accepted by the court. Accordingly, the court heard testimony of an expert appraiser offered by the defendant, Riley Field Com-

pany, that the value of the future interest as of the valuation date would be $50,450. This was the only testimony offered by either party on this issue and the court accepts said testimony and the clerk of this court is directed to pay forthwith, from the funds on deposit in the registry of this court, the sum of $50,450 to the defendant, Riley Field Company, and forward same to it in care of its attorneys, Kelly, Black, Black & Kenny, 1409 Alfred I. duPont Building, Miami, Florida 33131.

In the event the sums on deposit in the registry of this court are inadequate to pay the awards herein made, then the plaintiff is directed to deposit such additional sums as are necessary within twenty days from the date of this order.

In the event there are sums remaining on deposit in the registry of this court after payment of the above awards, such sums are to be returned to the plaintiff, Division of Administration, State of Florida Department of Transportation.